■ In the Matter of the Claim of DANIEL P. DOWLING, Appellant. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 14, 1989, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Even after repeated warnings from his employer, claimant continued to be late for work and, therefore, he was discharged. Claimant not only admits that he was late on several occasions, but he concedes that he was warned that this conduct was unacceptable. Under the circumstances, the determination that claimant's continued lateness constituted misconduct is supported by substantial evidence and must be upheld *(see, Matter of Grosso [Levine],* 52 AD2d 964).

Decision affirmed, without costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.

■ In the Matter of the Claim of JENNY C. FISHER, Appellant. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 11, 1989, which ruled that claimant was ineligible to receive unemployment insurance benefits because she voluntarily left her employment without good cause.

There is no evidence in the record to support claimant's contention that she was fired from her job as a group day-care facility assistant. In fact, the employer testified that claimant would have still worked for her had claimant not decided to leave her employment to start her own day-care business. Therefore, the Unemployment Insurance Appeal Board's determination that claimant voluntarily left her employment for personal and noncompelling reasons and without good cause is supported by substantial evidence and must be upheld *(see, Matter of Fontana [Levine],* 53 AD2d 742; *Matter of Sillan [French Tel. Cable Co.—Levine]),* 53 AD2d 719).

Decision affirmed, without costs. Kane, J. P., Casey, Levine, Mercure and Harvey, JJ., concur.